**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JAMAL MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:21-CV-59 SRW |
| | ) | |
| BILL STANGE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Jamal Martin for a writ of habeas corpus

under 28 U.S.C. § 2254. ECF No. 1. The State has filed a response and Petitioner filed a reply.

Both parties have consented to the exercise of plenary authority by a United States Magistrate

Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ

of habeas corpus is denied.

**I.       BACKGROUND**

On September 26, 2016, Petitioner pled guilty to second-degree murder and armed

criminal action. The Circuit Court of St. Louis County sentenced him to thirty years

imprisonment on the second-degree murder conviction and a concurrent three-year sentence for

the armed criminal action conviction. Petitioner appealed his convictions to the Missouri Court

of Appeals, Eastern District, who affirmed. Petitioner filed a post-conviction relief ("PCR")

motion pursuant to Missouri Supreme Court Rule 29.15. The PCR motion court denied

Petitioner's claims, and the appellate court affirmed the motion court's decision. Petitioner now

seeks habeas relief before this Court.

## II.     STANDARD

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim which has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's

presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

## III.    DISCUSSION

Petitioner asserts two ineffective assistance of counsel claims in his Petition: (1) his trial counsel improperly advised him not to take a twenty-five-year plea deal, and, then on the morning of trial, encouraged him to accept a thirty-year plea deal because he believed Petitioner would not win at trial; and (2) trial counsel failed to call Michael Jessup as a witness, even though Petitioner informed his counsel Mr. Jessup would give testimony supporting Petitioner's claim of self-defense.

### A.    Claim One – Ineffective Assistance of Counsel during Plea Negotiations

Petitioner argues he received ineffective assistance of counsel when his trial counsel advised him not to take a twenty-five-year plea deal because he could win at trial and then, on the morning of trial, advised him to take a thirty-year plea deal because he believed Petitioner would not prevail at trial. Although Petitioner raised this claim in his *pro se* PCR motion, he did not raise it in his amended PCR motion. Thus, the PCR court did not address it and this claim is procedurally defaulted. *King v. Wallace*, No. 4:13-CV-199 ACL, 2016 WL 827931 at *4 (E.D. Mo. Mar. 3, 2016) (citing *Tinsley v. State*, 258 S.W.3d 920, 927 (Mo. Ct. App. 2008)). Petitioner asserts he can avoid procedural default by showing cause and prejudice under *Martinez*.

"[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing 28 U.S.C. § 2254(b)(1)(A)). Exhaustion requires "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan,* 526 U.S. at 848)). A petitioner under § 2254 may avoid procedural default only by showing there was cause for the default and resulting prejudice, or a miscarriage of justice would result from enforcing the procedural default in the petitioner's case. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 90–91 (1977). In order to establish cause, a petitioner must show "some objective factor external to the defense" prevented his compliance with a state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner argues the procedural default of his claims should be excused because his PCR counsel was ineffective for failing to raise the claims.

In *Coleman v. Thompson*, the Supreme Court established the general rule that counsel's errors in post-conviction proceedings do not qualify as a cause for default. 501 U.S. 722, 753-75 (1991). In *Martinez v. Ryan*, the Supreme Court recognized a narrow exception to this rule: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review proceeding, there was no counsel or that counsel was ineffective." 566 U.S. 1, 17 (2012). The Supreme Court also noted a petitioner must demonstrate the underlying ineffective assistance of trial counsel claim "is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 14. Thus, the *Martinez* exception only applies when: (A) "the state collateral

review proceeding was the 'initial' review proceeding with respect to the 'ineffective-assistance-of-trial-counsel claim'; (B) the ineffective-assistance claim is substantial; and (C) postconviction counsel's ineffectiveness was the cause for the default." *Taylor v. Steele*, 6 F.4th 796, 801 (8th Cir. 2021) (citing *Harris v. Wallace*, 984 F.3d 641, 647-48 (8th Cir. 2021) (internal quotations omitted).

Petitioner argues an evidentiary hearing is required to develop the facts supporting cause and prejudice under *Martinez.* ECF No. 16, at 23. For the reasons stated below, an evidentiary hearing is not required. Nor is Petitioner entitled to an evidentiary hearing in federal court to develop those facts in this case because "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." *Shinn v. Ramirez,* No. 20-1009, 2022 WL 1611786, at *9 (U.S. May 23, 2022).

For Petitioner's claim to be substantial, whether his trial counsel was ineffective must be "debatable among jurists of reason" under *Strickland*'s[1] two-prong test. *Harris*, 984 F.3d at 649 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). That is, (1) he must show counsel's performance was so deficient that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," and (2) he must show "that the deficient performance prejudice the defense," in the sense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." The *Strickland* test also applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In the context of guilty pleas, the first prong of the *Strickland* test remains the same, while the second prong

---

[1] *Strickland v. Washington*, 466 U.S. 687, 690 (1984).

requires the petitioner to show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

The Supreme Court further clarified how *Strickland* applies in guilty plea cases in *Missouri v. Frye*, 566 U.S. 134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012). In *Frye*, defense counsel did not inform the defendant of a favorable plea offer, and the defendant ended up accepting a less favorable plea offer. 566 U.S. at 138. The Supreme Court held defense counsel has a duty to communicate formal plea offers from the prosecution that may be favorable to a defendant. *Id*. at 145. Where the claim alleges ineffective assistance of counsel which caused a defendant to miss out on a more favorable, earlier plea offer, the prejudice prong of *Strickland* requires "looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed." *Id*. at 148.

In *Lafler*, the defendant rejected a plea offer on advice from his counsel, and then, after a guilty verdict at trial, he received a harsher sentence then he would have under the plea. 566 U.S. at 160. The Supreme Court held to show prejudice in this scenario, the defendant must show he would have accepted the plea offer, the prosecution would not have withdrawn it, the court would have accepted its terms, and the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence imposed. *Id*. at 164.

Thus, in the plea-bargaining context, to establish a claim for ineffective assistance of counsel, Petitioner must show his counsel was deficient and a substantial likelihood he would have accepted the earlier proposed plea offer, neither the prosecution nor the trial court would have prevented the offer from being accepted, and the plea terms would have been less severe than under the judgment and sentence actually imposed. *Allen v. United States*, 854 F.3d 428,

432 (8th Cir. 2017) (citing *Lafler*, 566 U.S. at 164, *Frye*, 566 U.S. at 148). In this case, Petitioner

fails to establish either prong – that his counsel was deficient or that he was prejudiced by his

counsel's deficient performance.

Neither in his Petition or traverse does Petitioner explain how his attorney's advice to

turn down the first plea offer constitutes ineffective assistance of counsel. In his Petition, he

simply asserts, "My trial counsel advised me not to take a 25 year plea deal because he told me

we would win at trial. Soon after, he advised me to take a 30 year plea deal to avoid going to trial

because I would be convicted and had no chance to win." ECF No. 1, at 5. In his traverse,

Petitioner does not elaborate further on what incorrect advice his attorney gave him. He argues

his attorney did not come to visit him the weekend before trial and did not do a thorough

investigation. However, those are both arguments for why Petitioner potentially felt he had to

take the 30-year plea deal, not why his attorney was ineffective for advising him to turn down the

initial 25-year plea deal.

Although this issued was not raised in Petitioner's amended PCR petition, Petitioner and

his attorney testified to the circumstances surrounding the initial plea offer at the PCR

evidentiary hearing. Terence Niehoff, Petitioner's trial counsel, testified his strategy for trial was

to argue self-defense to convince the jury to convict Petitioner of voluntary or involuntary

manslaughter. ECF No. 6-1, at 7, 19. The week before trial, the State made a plea offer of 25

years. *Id*. at 9. Mr. Niehoff told Petitioner he believed the State was having witness problems and

they could counter with 20. *Id*. Petitioner did not plead guilty at that time. *Id*.[2] The morning of

trial, Petitioner asked Mr. Niehoff if he could get the 25-year deal back, and when Mr. Niehoff

asked the prosecutor, he said no. *Id*. at 11. The State offered 30 years instead, and Mr. Niehoff

---

[2] Petitioner alleged the State refused to accept the 20-year offer. ECF No. 6-2, at 46-47.

conveyed the offer to Petitioner. *Id*. Mr. Niehoff believed the State offered 30 years, instead of 25 years, because they had found their missing witness. *Id*.

Petitioner testified Mr. Niehoff told him about the 25-year plea offer and advised him not to take it. *Id*. at 33. Petitioner then told his counsel to "rack it," meaning he wanted to go to trial instead of taking the plea deal. *Id*. Petitioner provided no other details regarding Mr. Niehoff's advice.

"There is a strong presumption that counsel has rendered adequate assistance and made all significant decisions for tactical reasons rather than through neglect. *Barnes v. Hammer*, 765 F.3d 810, 814 (8th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170 (2011)). Based on Mr. Niehoff's testimony, which went unrefuted by Petitioner, he advised Petitioner to reject the first plea deal for a strategic reason – he thought the State could not find a material witness and would be willing to accept a lower sentence. On the morning of trial, circumstances had changed and consequently, Mr. Niehoff's analysis of the benefits of accepting a plea deal changed. In neither his testimony, his Petition, or his traverse, does Petitioner explain how Mr. Niehoff's advice was inadequate. He simply assumes that because he ended up in a worse position than he would have under the first plea offer, his attorney was ineffective. This is not the standard. The issue in habeas proceedings is not "whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

In his traverse, Petitioner states Mr. Niehoff failed to visit him the weekend prior to trial and failed to conduct any investigation to prepare for trial, so Petitioner felt he had no other choice than to take the longer plea offer. Mr. Niehoff's actions the weekend before trial have no bearing on whether or not his advice regarding the initial plea offer was competent. This may

8

support a claim of ineffective assistance of counsel for a failure to communicate with Petitioner or a failure to investigate and prepare for trial, but these are not claims Petitioner asserted in his Petition. He asserted he received ineffective assistance of counsel when his counsel first advised him not to take a 25-year plea deal but later advised him to take a 30-year plea deal. ECF No. 1. Petitioner has not established his attorney's advice regarding the first plea or the second was not within the range of competence demanded of attorneys.

Furthermore, Petitioner's assertions he received ineffective assistance of counsel is refuted by the record of his change of plea hearing. "Solemn declarations in open court carry a strong presumption of verity." *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). "[T]he representations of the defendant ... at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Tran v. Lockhart*, 849 F.2d 1064, 1068 (1988) (quoting *Blackledge*, 431 U.S. at 73-74).

On the morning of his trial, Petitioner informed the trial court he would like new counsel because Mr. Niehoff had not visited him over the weekend, although his partner, Michael Huffy, had visited. ECF No. 6-9, at 2. He asked for a continuance of his trial date to find new counsel, which the trial court denied. *Id*. at 5. Mr. Niehoff then asked for a few minutes to speak to Petitioner. *Id*. at 6. At this time, Petitioner decided to change his plea to guilty. His charge was amended from first-degree murder to second-degree murder, and the trial court asked Petitioner a number of questions before accepting the change of plea. *Id*. at 7-19. This included the following exchanges:

Q: Has he done the things that you have asked?
A: Yes, your honor.
Q: Have you had enough time to discuss this case with Mr. Niehoff and his associate, Mr. Michael Huffy?

A: Yes, your Honor.
Q: Do you have any complaints or criticism of their representation?
A: No, your Honor.
…
Q: Do you believe you have been fully advised by your attorneys as to all aspects of your case, including your legal rights and the possible consequences of your plea?
A: Yes, your Honor.
Q: Do you believe your attorneys have adequately, completely and effectively represented you in your defense to these charges?
A: Yes, your Honor.

*Id*. at 14-16. At the conclusion of the trial court's questioning, the court found Petitioner's pleas of guilty were "made voluntarily and intelligently, with a full understanding of the charges and the consequences of the plea and with an understanding of his rights attending a jury trial and the effect of a plea of guilty on those rights." *Id*. at 18-19.

In addition to failing to establish his counsel's advice was incompetent, Petitioner also fails to establish he was prejudiced by his counsel's advice. In a case such as this where Petitioner alleges his counsel provided ineffective assistance by advising him to deny an initial plea offer, Petitioner must show he would have accepted the initial plea offer had his counsel not been deficient. *Allen*, 854 F.3d at 432 (8th Cir. 2017). Nowhere in his Petition, his traverse, or at the PCR evidentiary hearing, does Petitioner state he would have taken the initial plea deal. At the PCR hearing, Petitioner testified if Mr. Niehoff had explained the law of self-defense to him and the importance of a witness, he would not have plead guilty and would have taken the case to trial. ECF No. 6-1, at 38. This testimony does not refer to the initial plea deal or what Petitioner would have done had Mr. Niehoff given him different advice regarding the initial plea deal. For this reason, Petitioner has not established he was prejudiced by his counsel's alleged ineffective assistance of counsel.

To establish cause and prejudice under *Martinez*, Petitioner must show his claim is at least debatable among jurists of reason. *Dorsey v. Vandergriff*, 30 F.4th 752, 756 (8th Cir. 2022).

Petitioner has not done so. Consequently, Petitioner has not established cause and prejudice under *Martinez*, and his claim is procedurally defaulted. The Court will deny the claim on this basis.

   **B.    Claim Two -Ineffective Assistance of Counsel, Failure to Investigate**

   In his second claim, Petitioner asserts he received ineffective assistance of counsel when his trial counsel failed to call and investigate Michael Jessup as a witness. Petitioner asserts he believed he had no choice but to accept the thirty-year plea offer because counsel was unprepared to take the case to trial. Petitioner further claims if counsel had investigated or called Jessup as a witness, he would have elected to go to trial.

   Petitioner raised this claim before the state courts, and it was denied by the PCR motion court. The Missouri Court of Appeals affirmed the denial of Petitioner's PCR motion on this issue as follows:

> Here, Movant argues that Jessup's testimony would have supported a claim of self-defense. Movant's trial counsel testified at the hearing that "it was [counsel's] understanding [Jessup] was not important for a claim of self-defense." Counsel testified that Movant never asked him to talk to Jessup. Counsel further testified there were problems with the claim of self-defense because there was evidence that Movant was angry with the victim after the victim pushed Movant down, Movant left and returned later in different clothing, and there was videotape of Movant hiding behind a pillar and rushing into the bar to shoot the victim. Other witnesses would testify that Movant had stated that he would kill the victim. Additionally, though Jessup told the police that the victim had a loaded gun when Movant shot him, Jessup also told police that he did not witness the shooting. Finally, after the shooting, Movant fled the scene and disposed of the gun.
>
> Movant offered no evidence at the evidentiary hearing of what Jessup would have testified and how it would have provided him a viable defense. The motion court also noted that during Movant's guilty plea, the plea court asked him specifically whether he gave trial counsel the name of any witness that could help his defense, and Movant responded, "No, your honor." Movant has failed to establish his plea was involuntary on the basis of his trial counsel's failure to call Jessup as a witness. Movant did not request any further investigation, and counsel testified that what he did know of Jessup's testimony would not have supported a claim of self-defense.

ECF No. 6-5, at 3-4 (internal citations omitted).

Petitioner argues the Missouri Court of Appeals' decision is not entitled to deference under § 2254(d) because the court made two unreasonable determinations of the facts in its order. First, Petitioner argues the court's decision that Mr. Jessup was not important to Petitioner's claim of self-defense is unreasonable because Mr. Niehoff testified Petitioner's account of the incident was he shot the victim in self-defense after the victim came at him with a gun, and Mr. Jessup gave a statement to police that he found a loaded firearm by the hand of the deceased victim. Second, Petitioner argues the court's finding that Petitioner did not offer any evidence of what Mr. Jessup would have testified to is unreasonable because it is clear Mr. Jessup would have testified he found a loaded gun by the victim's hand after Petitioner shot the victim, and the victim had an empty holster on his hip.

Contrary to Petitioner's argument, the Court of Appeals did not conclude Mr. Jessup was not important to Petitioner's claim of self-defense. It merely restated trial counsel's testimony, which the record supports. ECF No. 6-1, at 12. Therefore, the appeals court did not make an unreasonable determination of fact when citing to testimony from the PCR evidentiary hearing. Petitioner's second argument also fails because the record does not support his assertion he provided evidence at the hearing as to how Mr. Jessup would have testified. The appeals court's determination that Petitioner provided no evidence as to Mr. Jessup's testimony is not unreasonable when the only evidence Petitioner relies on to establish Mr. Jessup's proposed testimony is evidence he had available to him at the time he pled guilty – statements Mr. Jessup gave to police. Petitioner did not enter those police reports into evidence and instead used testimony from trial counsel as to what he believed the police reports indicated. ECF No. 6-1, at 3, 12-13. He did not offer any other evidence as to Mr. Jessup's proposed testimony. Petitioner

has not established the Court of Appeals made any unreasonable determinations of fact in its order. Therefore, the Court will apply the deferential standard set out in § 2254(d).

To establish a claim for ineffective assistance of counsel when a petitioner has pled guilty, the petitioner must show his counsel's performance was deficient, and there is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59. Where the alleged error is a failure to investigate, the determination of prejudice depends on the likelihood the investigation would have led counsel to change his recommendation as to the plea, which "which depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id*.

At the PCR evidentiary hearing, Petitioner's counsel testified he did not do any investigation or interview any witnesses. ECF No. 6-1, at 10. However, the Court need not determine whether Petitioner's trial counsel was deficient for failing to investigate, because Petitioner has not established he was prejudiced by his counsel's failure to investigate. Nowhere in his Petition or his traverse does Petitioner point to what evidence his counsel would have uncovered had he investigated or interviewed Mr. Jessup. Again, Petitioner relies on Mr. Jessup's statements in the police reports to support his claim, but Petitioner had these statements before he pled guilty. The facts of Mr. Jessup's statements were known to him at the time of the plea. To establish prejudice, Petitioner must present what evidence his counsel would have uncovered had he investigated. He has not provided any allegations or evidence to show an investigation of Mr. Jessup would have uncovered additional testimony to support Petitioner's defense such that it would have changed the outcome of a trial.

Because Petitioner has not shown he was prejudiced by his counsel's failure to investigate, he has not established a claim for ineffective assistance of counsel. The Court of Appeals' decision is entitled to deference, and the Court will dismiss this claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Jamal Martin for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. This matter is **DISMISSED**, with prejudice.

Petitioner has not made a substantial showing of a denial of a constitutional right, and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 31st day of May, 2022.

**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**